IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANTWAN TATUM  a/k/a
ANTOINE TATUM                                                                               PLAINTIFF

V.                            Civil No. 6:14-cv-06002-SOH-MEF

DR. FLOSS                                                                                        DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff, Antwan/Antoine Tatum, pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Plaintiff's failure to comply with a Court Order, and Defendant's Motion to Dismiss for Lack of Prosecution.  (Doc. 34)  After careful consideration, the Court makes the following Report and Recommendation.

**1.    BACKGROUND**

Plaintiff filed his Complaint on November 6, 2013 while incarcerated at the Arkansas Department of Correction ("ADC"), Ouachita River Unit.  (Doc. 2)  On October 16, 2014 Plaintiff notified the Court he had been released from prison and provided a free world address. (Doc. 32-1)

On September 16, 2014, Defendants filed a Motion to Compel asking that Plaintiff sign and return a medical authorization form. (Doc. 25)  On July 8, 2015 Defendants filed a Motion to Dismiss because Plaintiff  failed to appear at a scheduled deposition. (Doc. 34)  Notice of the deposition had been mailed to Plaintiff at his last known address by overnight mail, and had not been

1

returned as undeliverable. (Doc. 34)

On August 21, 2015, the Court entered an Order to Show Cause and granted Defendant's Motion to Compel. In the Order, Plaintiff was directed to sign and return the medical authorization form and to show cause why his action should not be dismissed for failure to prosecute. Plaintiff was given until September 11, 2015 to comply or face dismissal without further notice.

On October 13, 2015, Defendant filed Notice with the Court that Plaintiff had not provided a signed medical authorization form. (Doc. 37) Plaintiff did not respond to the Court to provide justification for his failure to prosecute.

Plaintiff has not communicated with the Court since October 16, 2104. The Order to Show Cause was not returned as undeliverable.

**2.      APPLICABLE LAW**

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule

41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

**3.     DISCUSSION**

Plaintiff failed to comply with an Order from this Court. Plaintiff failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) the Court recommends Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Federal Rules of Civil Procedure and Local Rules, failure to comply with the Court's Order, and failure to prosecute this case. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**4.     CONCLUSION**

For the foregoing reasons, I recommend Plaintiff's Complaint (Doc. 2) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Federal Rules of Civil Procedure and Local Rules, has failed to comply with the Court's Order, and has failed to prosecute this matter.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

　　　　DATED this 15th day of October, 2015.

　　　　　　　　　　　　　　　　　　　　/s/ Mark E. Ford
　　　　　　　　　　　　　　　　　　　　HON. MARK E. FORD
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE